# Exhibit 1

Filing # 120116813 E-Filed 01/22/2021 08:32:27 PM

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY

TANIA RODRIGUEZ & FREDIS POSADAS      CASE NO: 132020CA018744000001

Plaintiffs,

v.

BORINQUEN HEALTH CARE CENTER, INC.
& DR. PIERRE BERNARD EUGENE

Defendants.

_____/

## SUMMONS-CORPORATE

To:

BORINQUEN HEALTH CARE CENTER INC.
3601 FEDERAL HIGHWAY
MIAMI, FLORIDA 33137

## IMPORTANT

A lawsuit has been filed against you. **You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

Each Defendant is required to serve written defenses to the \complaint or petition on Plaintiff's attorney (address listed below) within 20 days after service of this summons on that defendant, exclusive of the date of service, and to file the original of the defenses with the clerk of this court either before service on the attorneys or immediately thereafter. **If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the third-party complaint or petition.**

If you choose to file a written response yourself, at the same time you file a written response to the court you must also mail or take a copy of your written response to **CASSIDY LOUTOS,**

**ESQ. at LOUTOS LAW PLLC, at 1193 SE Port St. Lucie Blvd. #234, Port Saint Lucie, Florida 34952. (Telephone Number: 772-617-0811 Fax: 772-212-2761)**

THE STATE OF FLORIDA:

To each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint/petition in this action on the above named Defendant.

WITNESS MY HAND AND SEAL on _____1/27/2021_____

Clerk of the Court

By: _____

As Deputy Clerk

**CASSIDY LOUTOS, ESQ.**
**LOUTOS LAW PLLC**
**1193 SE Port St. Lucie Blvd. #234**
**Port St. Lucie, Florida 34952**
**Phone: 772-617-0811**
**Fax: 772-212-2761**
**Florida Bar No. 116568**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defense, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en la que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o abogado del Demandante"

### IMPORTANT

Des porsuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-

jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrie dans le relai requis, vous requis de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterrieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d' un avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de reposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expediter une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY

TANIA RODRIGUEZ & FREDIS POSADAS   CASE No
Plaintiffs,
v.
BORINQUEN HEALTH CARE CENTER, INC.
& DR. PIERRE BERNARD EUGENE
Defendants.
_____/

## COMPLAINT

Plaintiffs, TANIA RODRIGUEZ and FREDIS POSADAS, by and through undersigned counsel, hereby file this Complaint for damages against Defendants, BORINQUEN HEALTH CARE CENTER, INC. and DR. PIERRE BERNARD EUGENE, and allege as follows:

## PARTIES, JURISDICTION, VENUE

1. This is an action for medical malpractice negligence for damages that are in excess of the sum of $30,000, exclusive of interest, attorneys fees, and costs and is within the jurisdiction of this court.

2. At all times material Plaintiff, Tania Rodriguez, is an adult over the age of eighteen (18) with her primary residence located in Miami Dade County, . Florida.

3. At all times material Plaintiff, Fredis Posadas, is an adult over the age of eighteen (18) with his primary residence located in Miami Dade County, Florida.

4. Defendant Borinquen Health Care Center, Inc. is a not for profit Florida Corporation doing business in Miami Dade County Florida With its printable place of business located at 3601 Federal Highway, Miami FL, 33137.

5. Defendant doctor Pierre Bernard Eugene is a Florida licensed physician doing business in Florida it has a primary practice address of 12603 NE 7th Ave , North Miami, Florida 33161.

6. The incident which is the subject matter of this litigation occurred in Miami Dade County Florida.

7. Venue is proper an this Honorable Court has jurisdiction over this lawsuit and that the defendant the defendants both do business in practice medicine in Miami Dade County Florida.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8. Plaintiff filed a petition for the extension of the statute of limitations pursuant to section 766.104(2) of the Florida statutes.

9. Plaintiff contacted both defendants on multiple occasions pursuant to Florida Statute 766.106(2).

10. There has been full compliance by plaintiff with respect to pre-suit notice and all requirements of chapter 766 of the Florida statutes preceding the causes of action plead herein.

11. An expert qualified under Florida Statute Chapter 766.102 has reviewed Plaintiff's medical records and has authored a medical affidavit in support of Plaintiff's claim (attached as Exhibit A).

12. With this Complaint, Plaintiff has submitted a notarized affidavit Which certifies counsel has made a reasonable investigation of the facts and has obtained the written opinion of a medical expert who has opined that Defendants have committed medical negligence. (Exhibit B)

## COUNT I FOR MEDICAL NEGLIGENCE AGAINST DR. PIERRE EUGENE

13. Plaintiff realleges, reincorporates, and asserts by reference the allegations set forth above in Paragraphs 1-12.

14. On or about April 20th, 2018 Tania Rodriguez presented to North Shore Medical Center located in Miami Florida for a scheduled Cesarean Section (C-Section) and Bilateral Tubal Ligation with Defendant Physician, Dr. Pierre Eugene.

15. On this date, this was Tania Rodriguez's second C-Section during her lifetime; hence, Dr. Pierre should have been cognizant of the increased risk of bladder injury inherent to the

procedure.

16. In caring for Plaintiff, Defendant Pierre Eugene was bound to exercise such skill, care, and diligence as is exercised by reasonable and prudent physician members of the profession generally in the medical community.

17. On this date and time, Defendant Eugene's surgery procedure notes describe his handling of the bladder intra-operatively as "pushing down the bladder."

18. Following the C-Section, Plaintiff complained that she had severe back pain when going to the bathroom and abdomen distention on the day of surgery and post-operation.

19. For days following the C-Section, Plaintiff had extreme abdominal distention, abdominal pain, and did not void urine.

20. Defendant Eugene, met with Tania Rodriguez on multiple occasions post-surgery and did not note the Plaintiff's lack of urination and pain post C-Section.

21. Tania Rodriguez was required to have a second bladder repair surgery following the discovery of the bladder laceration and was forced to spend approximately 30 days additional in the hospital due to the severity of the injury.

22. Based on the description of the location of the pain, the nature of the symptoms, blood work, and the preliminary radiographic evidence, Defendant Eugene deviated below the standard of care in the following ways and breach the duty owed to Plaintiff by:

    a. Failing to perform the C-Section surgery per the standard of care as the standard in that scenario was to "sharply dissected the bladder away."
    b. By not showing the appropriate skill and awareness in the face of the risk of a known surgical complication, to test for and repair the bladder injury which occurred at the time of Mrs. Rodriguez's C-section.
    c. Delaying in subsequent testing to more timely help recognize the bladder injury.
    d. Delaying in the involvement of further consultation to discover the true nature of the signs and symptoms that resulted from the injury, followed by a more timely repair.
    e. Not recognizing that the drainage radiographically was ineffective for controlling the urinary spillage from the bladder into the peritoneal cavity prompting the immediate need for surgical repair."

23. As a direct and proximate cause of Defendant Eugene's negligence, Plaintiff was injured and suffered serious bodily injury, resulting Pain and suffering, disability, mental anguish, scarring and disfigurement, loss of capacity for the enjoyment of life, expensive hospitalization, expense of continuing medical treatment including medical and nursing care in treatment. The losses are either permanent or continuing implanted will suffer further losses in the future.

24. Plaintiff has retained the Law Firm of Loutos Law, PLLC to represent Plaintiff in this action and has agreed to pay the firm reasonable attorney's fees.

25. I hereby certify that Plaintiff's counsel has satisfied all conditions president to filing suit pursuant to chapter 766 of Florida statutes and has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of the claimant by each named defendant.

26. The certificate of Cassidy Loutos, Esq. certifying that a reasonable investigation gave rise to a good faith belief in grounds for this action is attached as exhibit B and is included in this complaint by reference

Wherefore plaintiffs demand judgment against defendant of an amount in excess of $30,000 to be determined at trial plus costs, prejudgment interest, post judgment interests, attorneys fees, and any other relief that this court deems appropriate.

## **COUNT II FOR VICARIOUS LIABILITY AGAINST DEFENDANT BORINQUEN**

27. Plaintiff, TANIA RODRIGUEZ, reasserts and reaffirms paragraphs numbered 1 through 26 above as if set forth fully herein.

28. On April 20, 2018 and at all times materials hereto, Defendant Borinquen is the employer of Dr. Pierre Eugene.

29. On April 18 2018, and all times material, Dr. Pierre Eugene engaged in the course and the scope of business and performed medical services at the discretion of Defendant Borinquen, on Defendant Borinquen's behalf, and under the authority granted to Defendant Borinquen by the Florida Department of Health.

30. At all times material hereto, Defendant Borinquen owed a duty to exercise the same reasonable medical care and skill as others employed in providing OBGYN services for the benefit of their expectant mother patients.

31. Based on the description of the location of the pain, the nature of the symptoms, blood work, and the preliminary radiographic evidence, Defendant Borinquen breached the standard of care as Borinquen was negligent in providing medical care to Plaintiff Tania Rodriguez.

32. Defendant Borinquen was negligent, directly and vicariously through the conduct of Defendant Eugene.

33. As a direct and proximate cause of Defendant Eugene's negligence, Plaintiff was injured and suffered serious bodily injury, resulting Pain and suffering, disability, mental anguish, scarring and disfigurement, loss of capacity for the enjoyment of life, expensive

hospitalization, expense of continuing medical treatment including medical and nursing care in treatment. The losses are either permanent or continuing implanted will suffer further losses in the future.

34. Plaintiff has retained the Law Firm of Loutos Law, PLLC to represent Plaintiff in this action and has agreed to pay the firm reasonable attorney's fees.

35. I hereby certify that Plaintiff's counsel has satisfied all conditions president to filing suit pursuant to chapter 766 of Florida statutes and has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of the claimant by each named defendant.

36. The certificate of Cassidy Loutos, Esq. certifying that a reasonable investigation gave rise to a good faith belief in grounds for this action is attached as exhibit B and is included in this complaint by reference

Wherefore plaintiffs demand judgment against defendant of an amount in excess of $30,000 to be determined at trial plus costs, prejudgment interest, post judgment interests, attorneys fees, and any other relief that this court deems appropriate.

## COUNT III PLAINTIFF FREDIS POSADA'S CLAIM AGAINST ALL DEFENDANTS FOR LOSS OF CONSORTIUM

1. As against the Defendants, Plaintiff Fredis Posadas, incorporates by reference paragraphs numbered 1 through 36 above as if set forth fully herein.

2. At all times mentioned herein, Plaintiffs Fredis Posadas and Tania Rodriguez were husband and wife, residing together in a marital relationship.

3. That prior to her injuries, Plaintiff Tania Rodriguez was able to and did perform her duties as a wife and spouse. However, subsequent to the serious injuries sustained in above reference collision to Plaintiff Tania Rodriguez as alleged herein, and as a proximate cause thereof, she has been unable to perform such work and marital services.

4. By reason thereof, Plaintiff Fredis Posadas has been permanently injured and damaged, and their marital harmony has been severely disrupted, and Plaintiff Fredis Posadas has been deprived of the consortium of his wife, all to damage in the sum which will conform to proof at the time of trial.

Wherefore, Plaintiff Fredis Posadas, demands judgment against all Defendants in excess of the minimal jurisdictional limits of this Court, as well as for post-judgement interest and the costs of bringing this action as allowed by law, and any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL.

Plaintiff demands a trial by jury of all issues so

triable.

LOUTOS LAW PLLC
Attorneys for Plaintiff
1193 SE Port Saint Lucie, Blvd., #234,
Port Saint Lucie, Florida 34952
Telephone: 772-617-0811
Fax Number: 772-212-2761
Primary Email: cassidy@loutoslaw.com

By: /s/ Cassidy Loutos, Esq.
CASSIDY LOUTOS, ESQ.
FLORIDA BAR: 116568

EXHIBIT A

## Affidavit of Dr. Jeffrey Kotzen, M.D.

STATE OF FLORIDA)
:ss
COUNTY OF Palm Beach)

Before me the undersigned authority this day personally appeared Dr. Jeffrey Kotzen, M.D. and being first duly cautioned and sworn under oath, deposes and says:

1. My name is Dr. Jeffrey Kotzen, MD, and I am over the age of eighteen and am fully competent to testify as to the matters herein.

2. I am fully competent to testify herein as I am an expert under Florida Statute 766.202 and meet the expert qualifications under Chapter 766.102(5)(c) and have been actively engaged in the practice of medicine within the three year period immediately prior to the incident giving rise to this claim.

3. I am a licensed physician in the State of Florida and am duly licensed under Florida Statute Chapter 458. I have over 38 years of experience as a medical doctor with a subspecialty in Obstetrics and Gynecology; specifically, for the last twenty-seven years, I have worked as a solo-practitioner and have provided the following care to pregnant women: monitoring fetal development and maternal health during pregnancy, assisting with delivering healthy babies, performing caesarean sections, and monitoring maternal health postpartum as well as a wide range of Gynecologic medical as surgical services.. My Residency training in 1978-1982 included repair of urologic complications related to Obstetrical and Gynecologic surgery as well as repair of vesico-vaginal fistulas.

4. I received my medical degree with distinction at the George Washington University School of Medicine in 1978.

5. I completed my Internship/Residency in Obstetrics and Gynecology at Yale New Haven Medical Center in 1982.

6. Specifically, at the current time, I have had clinical privileges as a practicing OB/GYN for 37 years at Good Samaritan Medical Center and St. Mary's Medical Center in West Palm Beach, Florida. I spent more than 8 years, ending recently, as the CMO at GSMC where I was charged with the responsibility of the maintaining the highest Quality and Appropriateness of care delivered at that Institution. Prior to that, I served as their Chief of Staff, an elected post, at that Institution for 2 years.

7. Additionally, I have served twice as the President of the Palm Beach County OB/GYN Society, Vice President of the Advantage Health Network of South Florida ACO for the past 8 years. I am a founding member of the Jacob's Institute of Women's Health, a member of AOA and the Kane King Honor Society at GWU.

8. My resume, attached hereto as Exhibit A, accurately reflects my education, training and experience. I am familiar with the standard of care applicable to fellow OB/GYNs practicing medicine in the State of Florida under Chapter 458.

9. To date, I have reviewed records from the following facilities:

    A. Northshore Medical Center

    B. Borinquen Medical Center

    C. Community Medical Group

10. From my review of the above referenced records, it is my opinion within a reasonable degree of medical certainty and probability, that reasonable grounds exist to initiate a claim relating to care and treatment received by Tania Rodriguez under the care of Dr. Pierre B. Eugene and Northshore Medical Center including its nurses, custodians, employees, assistants, servants, agents and apparent agents.

11. From this review, I have come to understand the following timeline of events:

    a) On April 20, 2018, Tania Rodriguez presented for a scheduled Caesarean Section and a Bilateral Tubal Ligation. This was Mrs. Rodriguez's second Cesarean Section as her first C-Section occurred in 2005. The Surgeon who performed Ms. Rodriguez's April 20, 2018 Caesarean Section was Dr. Pierre Eugene, MD.

    b) This was Mrs. Rodriguez's second Caesarean, making Dr. Pierre cognizant of the increase risk of bladder injury inherent to the procedure. He describes the handling of the bladder intra-operatively as "pushing down the bladder."

    c) It is my opinion that Dr. Eugene B. Pierre deviated from the standard of care while performing the C-Section on Mrs. Rodriguez as the standard of care given that scenario should have been "sharply dissected the bladder away." In fact, it is my contention that indeed the bladder injury suffered by Ms. Rodriguez occurred at that time and went unrecognized.

    d) Following the C-Section, Ms. Rodriguez reported that she had severe back pain when going to the bathroom and abdomen distention on the day of surgery and one day post op. This description was found in the consult note by Physician Dr. Maria Castro.

    e) The description of the location of the pain, the nature of the symptoms, blood work and the preliminary radiographic evidence did not suggest a bowel related issue. This should have further alerted her care providers that, in fact, a bladder injury with catastrophic implication, had occurred.

    f) It was not until April 25th that the diagnosis of a severe bladder injury was substantiated. This was five days post op and records will show the unfortunate, and avoidable complications related to this untimely oversight.

12. It is my opinion that the primary event which caused the resultant unfortunate injury to Mrs. Rodriguez was the lack of recognition of the bladder injury by Dr. Eugene B. Pierre, which occurred during the C-section.

13. Additionally, the failure to recognize the bladder tear in a timely manner resulted in the decompensation of the patient, including sepsis due to abscess formation, severe pain, respiratory distress, inability to bond and breastfeed with her newborn, and increased hospitalization time (28 days).

14. She was unable to care for her newborn and family including her 13 year old child. She endured a significant amount of radiation during her stay due to CT guided drainage of more than 4 abscesses that were acquired during her hospitalization. She endured healthcare acquired infections and was critically ill causing extreme distress to not only the patient, but to her family as well. She continues to suffer from abdominal pain.

15. Noting the above, I believe that Dr. Pierre fell below the standard of care by:

    a) Not showing the appropriate skill and awareness in the face of the risk of a known surgical complication, to test for and repair the bladder injury which occurred at the time of Mrs. Rodrigues's C-section.
    b) Delaying in subsequent testing to more timely help recognize the bladder injury.
    c) Delaying in the involvement of further consultation to discover the true nature of the signs and symptoms that resulted from the injury, followed by a more timely repair.
    d) Not recognizing that the drainage radiographically was ineffective for controlling the urinary spillage from the bladder into the peritoneal cavity prompting the immediate need for surgical repair.

16. Noting the above, I believe that it is possible that the contracted Radiology Group (Sheridan Healthcare and/or Envision Healthcare) at Northshore Hospital may have fallen below the standard of care by:

    a) Misreading the initial radiographic studies that may have aided in the more rapid recognition of the obvious bladder injury.
    b) Failing to do appropriate follow up studies to better discern the vague finding first described by the initial radiographic studies.
    c) Not communicating the failure of drainage to effectively control the persistence of the ongoing intra-abdominal urine collection and resultant abscess formation.

17. Noting the above, I believe that it is possible that the nursing staff of Northside Hospital may have fallen below the standard of care by:

a) Not recognizing the extreme nature of Mrs. Rodriguez's complaints, and physical findings, immediately post C-section, which could have hastened the diagnosis of urinoma.

This affidavit is not intended to provide all of the opinions I have reached regarding the acts and omissions by the Defendants that led to the injury of Tania Rodriguez.

18. My opinion has never been disqualified in any court.

19. I certify that I have not been found guilty of fraud or perjury in any jurisdiction.

20. Under penalties of perjury, I certify that I have read the foregoing and that the facts stated in it are true.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DR. JEFFREY KOTZEN, M.D.

The foregoing Affidavit was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgments, this 1st day of April 2020 by Dr. Jeffrey Kotzen, MD who is personally known or had produced FL Driver License identification to me.

_____
NOTARY SIGNATURE

[Notary Seal: JESSICA M RIVERO, NOTARY PUBLIC, STATE OF FLORIDA, My Comm. Expires 8/4/2021, No. GG 124125]

IN THE CIRCUIT COURT IN AND FOR THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

TANIA RODRIGUEZ & FREDIS POSADAS
Plaintiff,

EXHIBIT B

-vs-

BORINQUEN HEALTH CARE CENTER, INC. &
DR. PIERRE BERNARD EUGENE
Defendant.

## CERTIFICATE OF COUNSEL

I, CASSIDY LOUTOS, declare:

1. I am the attorney for TANIA RODRIGUEZ and FREDIS POSADAS, Plaintiffs, in the above-entitled action.

2. I have conducted a reasonable investigation of the facts of the above-entitled action and have obtained the written opinion of at least one medical expert that there appears to be evidence of medical negligence.

3. On the basis of this investigation and the written opinion of the medical expert, I have a good faith belief that there has been negligence in the care and treatment of the plaintiff and that grounds exist for a medical negligence action against each of the defendants named in the above-entitled action.

Respectfully submitted,

Loutos Law, PLLC
By: _____    9/1/2020
Cassidy Loutos, Esq.
1193 SE Port Saint Lucie Blvd. #234
Port Saint Lucie, Florida 34952
Phone: 772-617-0811
Fax: 772-212-2761
Florida Bar No: 116568
Attorney for Plaintiff

## VERIFICATION

STATE OF FLORIDA
COUNTY OF SAINT LUCIE

SUBSCRIBED AND SWORN TO BEFORE ME on September 1, 2020, to certify which witness my hand and official seal.

Notary Signature _____
Notary Printed Name: STACY L. WANER
Notary Public in and for ST. LUCIE County, Florida

Notary Public State of Florida
Stacy L Waner
My Commission GG 952542
Expires 01/28/2024